UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald REWALD, Defendant–Appellant.

No. 87–1360.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 1987.

Decided Dec. 29, 1987.

As Amended Jan. 7, and Feb. 16, 1988.

Ronald Rewald, San Pedro, Cal., for defendant-appellant.

John F. Peyton, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before WALLACE, ANDERSON and THOMPSON, Circuit Judges.

### ORDER

Ronald Rewald filed a document entitled "Notice of Appeal" in his pending direct criminal appeal, No. 85–1353. When the notice was received, however, a new appeal was opened, No. 87–1360. The new appeal was then dismissed for lack of jurisdiction. Rewald now petitions for rehearing with a suggestion for rehearing en banc.

We construe the second notice of appeal as a motion for a limited remand to the district court to enable Rewald to challenge the sentence imposed, and order the "Notice of Appeal" filed in appeal No. 85–1353.[1] We dismiss appeal No. 87–1360 as opened in error.

 In this appeal, Ronald Rewald seeks direct review of his sentence pursuant to the Sentencing Reform Act of 1984 ("the Act"). *See* 18 U.S.C. § 3742. The Act provides for direct appellate review of sentences that are imposed pursuant to its provisions, including sentences that allegedly violate the sentencing guidelines. *Id.* Rewald contends that his sentence was imposed in violation of the sentencing guidelines developed by the Sentencing Commission.

The Act became effective on November 1, 1987. *See* Pub.L. 98–473, 98 Stat. 2031 (1984). On December 7, 1987, the President signed S. 1822, the Sentencing Act of 1987, which amended the Act. *See* Pub.L. 100–182. The Sentencing Act of 1987 provides that the sentencing guidelines do not apply to conduct that occurred before November 1, 1987. *Id.* Further, even if the statute were ambiguous as to retroactivity, the Savings Clause bars retroactive application of statutes where such application would extinguish a penalty. 1 U.S.C. § 109; *United States v. Breier*, 813 F.2d 212, 214–15 (9th Cir.1987). Absent clear legislative intent, commonly expressed through a retroactivity clause, a statute is not given retroactive effect. *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1504 (9th Cir.1984). Therefore, even absent the Sentencing Act of 1987, the Act would not apply to criminal defendants sentenced prior to its effective date.

Rewald was sentenced on December 9, 1985, approximately two years prior to the effective date of the Act. The Act does not apply to conduct committed prior to November 1, 1987, nor does it provide for the resentencing of criminal defendants originally sentenced prior to its effective date. Because we find that the district court is precluded from granting the requested relief, we deny the motion for a limited remand.

For the reasons stated, we deny Rewald's petition for rehearing and reject the suggestion for hearing en banc. The full court has been advised of the en banc suggestion, and no judge of the court had requested a vote on it. Fed.R.App.P. 35(b). The petition for rehearing en banc is denied. *See* Fed.R.App.P. 54(b).

---

1. We construe the document as a motion for remand based on Rewald's assertion that he seeks review of his sentence in this Court because the district court is without jurisdiction to entertain a collateral attack on his sentence due to the pendency of his direct criminal appeal. He argues that 18 U.S.C. § 3742 of the Sentencing Reform Act of 1984 entitles him to raise claims regarding the validity of his sentence.