844 F.2d 793
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon Lynn SMITH, Defendant-Appellant.
 No. 87-1045.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1987.
Decided April 11, 1988.
 Before CHAMBERS, GOODWIN and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ramon Smith appeals his convictions on two counts for possession of firearms by a person convicted of a felony. 18 U.S.C.App. Sec. 1202(a). On appeal, Smith contends principally that because the predicate state crime was designated a misdemeanor, he does not stand convicted of a felony under the Firearm Owners' Protection Act.
 
 BACKGROUND
 
 3
 In December 1982, Smith pleaded guilty in Arizona superior court to endangerment.[1] Imposition of sentence was suspended and Smith was placed on probation for three years. Following the completion of Smith's probationary period, the endangerment charge was designated a misdemeanor on March 7, 1985.
 
 
 4
 Smith possessed two rifles on September 13, 1985. He was indicted on July 9, 1986 on two counts of possession of firearms "having been previously convicted of the felony offense of endangerment." 18 U.S.C.App. Sec. 1202(a). After Smith's two motions to dismiss the indictment were denied by the district court, Smith pleaded guilty to both counts. He timely appeals both convictions.
 
 DISCUSSION
 
 5
 Smith contends that as a matter of federal law he does not have a felony conviction. We disagree.
 
 
 6
 Federal statute 18 U.S.C.App. Sec. 1202 applies to any person who "has been convicted of a felony...." 18 U.S.C.App. Sec. 1202(a)(1). A felony under section 1202(c)(2) is "any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor."
 
 
 7
 Although the definition contains an exception for offenses classified as misdemeanors by a state, the exception is inapplicable to the present case because the record is clear that Smith's predicate endangerment conviction involved a firearm. He pointed a gun at another person. "Offenses involving a firearm are expressly excluded from the misdemeanor exception." United States v. Tallmadge, 829 F.2d 767, 772 (9th Cir.1987).
 
 
 8
 Smith also argues that retroactive application of amendments to 18 U.S.C. Sec. 921(a)(20)(B), under the Firearm Owners' Protection Act (Owners' Act) Pub.L. No. 99-308, 100 Stat. 449 (1986), precludes finding that he is a convicted felon because the endangerment charge was designated a misdemeanor. Section 921(a)(20)(B) now requires that a conviction be determined in accordance with the law of the jurisdiction where the underlying proceeding was held.
 
 
 9
 First, we believe it is clear that Congress did not intend that the amendments here at issue were to be applied retroactively. The Owners' Act provides that amendments to section 921 do not become effective until 180 days after enactment, i.e., November 15, 1986. See Pub.L. No. 99-308, Sec. 110(a). "Absent clear legislative intent, commonly expressed through a retroactivity clause, a statute is not given retroactive effect." United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987). Moreover, the Federal Savings Clause bars retroactive application of a statute where such application would extinguish a penalty. 1 U.S.C. Sec. 109; United States v. Brier, 813 F.2d 212, 214-215 (9th Cir.1987). See Rewald, 835 F.2d at 216.
 
 
 10
 Second, even if we were to find that the amendments to 18 U.S.C. Sec. 921(a)(20)(B) applied retroactively, such application is of little benefit to Smith. [Where the prior offense involves a firearm,] "we look to state law solely to determine whether the maximum permissible prison term exceeds one year. If so, the state conviction constitutes a felony for purposes of 18 U.S.C.App. Sec. 1202." United States v. Houston, 547 F.2d 104, 106 (9th Cir.1976).
 
 
 11
 Smith pleaded guilty in state court to the crime of endangerment, a class 6 open-ended offense. The sentencing order designates the crime as a felony with the alternative designation, misdemeanor, crossed out. The term of imprisonment for a class 6 felony is one and one-half years. Ariz.Rev.Stat.Ann. Sec. 13-701(B)5. This sentence can be increased up to twenty-five percent or may be reduced up to fifty percent. Ariz.Rev.Stat. Sec. 13-702(A). The maximum permissible prison term exceeds one year. Therefore, the endangerment conviction constitutes a felony for purposes of 18 U.S.C.App. Sec. 1202.
 
 
 12
 Finally, Smith correctly contends he can stand convicted of only one count of illegal possession of firearms because he possessed two rifles on the same day. Because the government concedes this argument and joins in Smith's request that one conviction be set aside, we remand to the district court for proceedings in accord with this memorandum disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This crime is classified under Arizona law as either a felony or a misdemeanor. Endangerment involving a substantial risk of imminent death is a felony. In all other cases, it is a misdemeanor. Ariz.Rev.Stat.Ann. Sec. 13-1201 (1978)