UNITED STATES of America,
Plaintiff–Appellee,

v.

MARCO L., Defendant–Appellant.

No. 88–5135.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 1, 1988.

Withdrawn from Submission
Nov. 3, 1988.

Resubmitted Jan. 28, 1989.

Decided March 3, 1989.

As Amended May 19, 1989.

Judy Clark, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

George D. Hardy, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WRIGHT, NORRIS and WIGGINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant admitted a charge of juvenile delinquency for illegal transportation of aliens. The district court imposed a 30-month sentence and denied his motion for reconsideration. Appellant contends that the sentence is illegal and that the court erred in failing to advise him before his guilty plea of his ineligibility for parole and of sentencing under the Sentencing Guidelines. We affirm.

## BACKGROUND

On January 27, 1988 the Border Patrol spotted appellant, a 16-year-old juvenile, driving a pickup truck carrying 18 illegal aliens. The Patrol arrested him after a 45-mile chase with speeds ranging from 55 to 85 miles per hour. During that chase, he traveled along a highway, collided with another vehicle, entered a residential area, and drove through five red lights.

The government filed a juvenile information charging appellant with delinquency (18 U.S.C. § 5032) and illegal transportation of aliens (8 U.S.C. § 1324(a)(1)(B)). The government and appellant entered into a plea agreement.

During a Rule 11 colloquy, the court advised appellant that the maximum penalty for his offense was incarceration until

age 21. It accepted appellant's admission of juvenile delinquency after finding that he made it "freely and voluntarily, with a full understanding of the charge against him and the consequences of his admission." The court sentenced him to 30 months in custody.

One week later, appellant moved the court to reconsider the sentence. He argued that it was excessive in light of his ineligibility for parole under the Sentencing Reform Act of 1984. The court ruled that the aggravating factors surrounding the offense merited a sentence of 30 months and denied the motion.

Appellant is presently serving his sentence. He argues that the 30–month sentence is illegal because it violates 18 U.S.C. § 5037(c)(1)(B) and that the court failed to comply with Rule 11 procedures in accepting his plea. He asks that the sentence be vacated and the case remanded for sentencing in compliance with § 5037(c)(1)(B) or, in the alternative, that his plea be vacated and the case remanded to permit him to plead anew.

## ANALYSIS

### I. *Legality of the Sentence*

Appellant contends that the 30–month sentence violates 18 U.S.C. § 5037(c)(1)(B), which prohibits a juvenile's sentence from exceeding the maximum a court could have imposed on an adult.[1] Although appellant concedes that the Sentencing Guidelines do not apply directly to juveniles, he contends that § 5037(c)(1) requires the court to consider the Guidelines to ascertain the maximum sentence he could have received as an adult. Because his offense took place after November 1, 1987, a court would have applied the Guidelines had he been an adult. *See United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987). Under those Guidelines, appellant urges that an adult would have received less than 30 months imprisonment.

The government argues that the language of § 5037(c)(1)(B) requires only that the sentence not exceed five years, the statutory maximum for appellant's offense. *See* 8 U.S.C.A. § 1324(a)(1) (West Supp. 1988). Alternatively, it argues that sentencing under the Guidelines would have authorized the court to impose the 30–month sentence.

A juvenile delinquent under 18 years may not receive a sentence that extends beyond the lesser of the date when he becomes 21 or "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." 18 U.S.C.A. § 5037(c)(1) (West Supp.1988). We must determine whether the latter limitation requires a court to apply the Sentencing Guidelines to determine the "maximum term of imprisonment." We review *de novo* the legality of a sentence and the interpretation of a federal statute. *United States v. Schiek*, 806 F.2d 943, 944 (9th Cir.1986), *cert. denied*, 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 534 (1987); *United States v. Martinez-Jimenez*, 864 F.2d 664, 665–66 (9th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 1576 L.Ed.2d (1989). We conclude that the "maximum term of imprisonment" refers to the maximum sentence authorized by *statute* and not to the sentence authorized by an application of the Guidelines.

In 1984 Congress enacted the Comprehensive Crime Control Act of 1984 (CCCA) to reform sentencing practices in the federal criminal justice system. CCCA, Pub.L. 98–473, Title II, 98 Stat. 1976; *see* S.Rep. No. 225, 98th Cong., 2d Sess. 50–52, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3233–35 (general discussion of the sentencing provisions). The CCCA creates a comprehensive sentencing guidelines system; it establishes a Sentence Commission to promulgate guidelines for use by a court in determining the actual sentence to be imposed in a criminal case.

Congress did not intend those Sentencing Guidelines to set an adult offender's "maximum term of imprisonment." The Guidelines do not provide the maximum term for a given offense, but direct a court to sentence an adult offender within a range below the statutory maximum.

It must be remembered that the terms set forth [by statute] are the maximum periods for which a judge is authorized to sentence an offender in each such category; they represent the Committee's

---

1. 18 U.S.C.A. § 5037(c)(1) (West Supp.1988) states:

   The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend—

   (1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of—

   (A) the date when the juvenile becomes twenty-one years old; or
   (B) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult.

judgment as to the greatest period the Congress should allow a judge to impose for an offense committed under the most egregious of circumstances. It would also be remembered that the Sentencing Commission will be promulgating guidelines that will recommend an appropriate sentence for a particular category of offender who is convicted of a particular category of offense and that the guidelines would reserve the upper range of the maximum sentence for offenders who repeatedly commit offenses or those who commit an offense under particularly egregious circumstances.

S.Rep. No. 225, *supra*, at 114, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3297.

Although the CCCA establishes a classification system for federal offenses and sets forth the maximum imprisonment for each class of offense, 18 U.S.C.A. § 3581 (West 1985), Congress has defined the "maximum term of imprisonment" to be that term prescribed by the statute defining the offense.

An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that *the maximum term of imprisonment is the term authorized by the statute describing the offense.*

18 U.S.C.A. § 3559(b) (West Supp.1988) (emphasis added). The Senate Report accompanying the CCCA explained:

The definition of maximum prison terms [under the classification scheme] does not alter existing statutory maximums: *the existing Federal statutes still determine the maximum terms of imprisonment.* The provision is intended merely to provide a useful scheme for further Congressional classification of criminal statutes.

S.Rep. No. 225, *supra*, at 51, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3234 (footnotes omitted and emphasis added).

We conclude that Congress intended the "maximum term of imprisonment" authorized for an adult offender to be determined by the statutory maximum limit and not by the "maximum" sentence a court might impose by applying the Guidelines to the case. Looking at the CCCA as a whole, we find that the language of § 5037(c)(1)(B) requires only that a juvenile's sentence not exceed the statutory maximum. A court need not apply the Guidelines to determine the "maximum term of imprisonment" authorized for an adult offender.

Further, nothing in the legislative history of § 5037 indicates that Congress intended the Sentencing Guidelines to apply in juvenile delinquency cases. *See, e.g.,* H.R.Rep. No. 797, 99th Cong., 2d Sess. 21 & n. 3, *reprinted in* 1986 U.S.Code Cong. & Admin.News 6138, 6144 & n. 3 (discussing 1986 amendments); S.Rep. No. 225, *supra,* at 51–52, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3234–35 (discussing 1984 amendments); S.Rep. No. 307, 98th Cong., 1st Sess. 1185, 1187 (1981) (discussing S. 1630, which provided the language for the 1984 amendments).

The parties here conceded that the Guidelines do not apply directly to juveniles. The juvenile system was adopted to remove juveniles from the ordinary criminal justice system and to provide a separate system of treatment for them. *United States v. Frasquillo-Zomosa,* 626 F.2d 99, 101 (9th Cir.) (discussing the purpose of the juvenile system), *cert. denied,* 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980); *See Gonzalez-Cervantes,* 668 F.2d at 1076 (noting that adjudication of juvenile delinquency is not a conviction of a crime, but a determination of status). An interpretation of § 5037(c)(1)(B) that requires a court to apply the Guidelines, which currently do not apply to juveniles, would be unreasonable.

We hold that § 5037(c)(1)(B) prohibits a court from sentencing a juvenile in excess of the maximum term of imprisonment authorized by the statute describing the offense. A court need not apply the Sentencing Guidelines to determine the authorized sentence it would have imposed on an adult. The provision directs only that a court not impose a sentence exceeding the statutory maximum. We find no violation of § 5037(c)(1)(B).[2]

---

**2.** Although the court need not conduct an analysis under the Sentencing Guidelines, we note that a court would have been justified in sentencing an adult to 30 months in this case. The Sentencing Guidelines set a base offense level of nine for the illegal transportation of aliens. *See* Guideline § 2L1.1(a). Acceptance of responsibility for the crime would reduce that level by two. *See* Guideline § 3E1.1(a). While the Guidelines for this offense start at a base level of nine, the Application Notes to Guideline § 2L1.1 state that "[t]he Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." Guideline § 2L1.1 Application Notes (codified in United States Sentencing Commission, Guidelines Manual at 2.102

## II. *Alleged Rule 11 Violations*

Appellant argues that the court, by failing to advise him of his ineligibility for parole and of sentencing under the Sentencing Guidelines, violated due process and its obligation under Rule 11(c) of the Federal Rules of Criminal Procedure.[3] We disagree.

### A. *Parole Ineligibility*

■ The Sentencing Reform Act of 1984 abolished traditional parole for both juveniles and adults, making appellant statutorily ineligible for parole. *See Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 652, 102 L.Ed.2d 714 (1989). The court did not so inform him. We held recently that Rule 11 does not require the trial court to inform a defendant of parole eligibility before accepting his guilty plea. *United States v. Sanclemente-Bejarano,* 861 F.2d 206, 209 (9th Cir.1988) (per curiam). Appellant's argument lacks merit.

### B. *Sentencing Guidelines*

■ Appellant contends that the court violated Rule 11 by failing to inform him that it could not impose a sentence exceeding the maximum an adult could have received under the Guidelines. The court told him that the maximum penalty for his offense was incarceration until age 21. The statutory maximum for his offense was five years imprisonment. The statement informed him properly of the maximum penalty provided by law.

■ Finally, appellant contends that the court erred in failing to state for the record what sentence an adult could have received and the reasons for any departures from the Guidelines. While the Guidelines require a court to state its analysis and reasons for departures, appellant was not sentenced under the Guidelines. *See* 18 U.S.C.A. § 3553(c) (West Supp.1988). In his

(1988)). The court could have determined appropriately that the high speed chase constituted such dangerous treatment or alternatively, "an aggravating ... circumstance of a kind ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." *See 18 U.S.C.A. § 3553(b) (West Supp. 1988) (allowing court to impose sentence outside range established by applicable guideline); Guideline § 5K2.0 (outlining grounds for departure).*

This case is an atypical one in which a court would find upward departure from the Guidelines appropriate. *See United States v. Nuno-Huizar,* 863 F.2d 36, 37–38 (9th Cir.1988). Appellant converted an essentially passive-type crime into a highly dangerous one. The court

case, the court considered his conduct, the nature of the offense, and the aggravating factors surrounding the offense before imposing the 30–month sentence. He received due process.

AFFIRMED.

emphasized that "a chase of 45 miles, running five red lights, rear-ending a vehicle, taking 45 minutes" merited the sentence given. Appellant had "risked everyone's lives, including his own." A court, while departing from the Guidelines, would have been justified in sentencing an adult to 30 months.

**3.** Rule 11(c) sets forth the specific facts the court must apprise the defendant before accepting his plea. Among other items, the court must inform him of "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fed.R.Crim.P. 11(c)(1).