892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul F. KENDRICK, Defendant-Appellant.
 No. 88-1142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, Chief Judge, and POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul F. Kendrick, appearing pro se, appeals the district court's denial of his motion to modify his sentence, made pursuant to a procedure provided by the Sentencing Reform Act of 1984 (the Act). Kendrick timely appeals.[1]
 
 
 3
 Kendrick contends that the 10 year sentence imposed upon him for his mail fraud conviction in 1985, and the five years incarceration he received for violating his 1982 probation require modification under the Act's procedure codified at 18 U.S.C. § 3582(c)(2). This court has affirmed Kendrick's conviction for fourteen counts of mail fraud and revocation of his probation. United States v. Kendrick, Nos. 85-1121, 85-1253, unpublished memorandum disposition (9th Cir. July 30, 1986). We lack jurisdiction over this appeal. See United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987).
 
 
 4
 The Act became effective November 1, 1987, and the sentencing guidelines do not apply to conduct that occurred before November 1, 1987. Id. Pursuant to the modification of sentence procedure provided by the Act at 18 U.S.C. § 3582(c)(2), the court may modify a term of imprisonment only when a defendant's sentence is based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).
 
 
 5
 Here, Kendrick committed his crimes before November 1, 1987. Thus, the sentencing guidelines do not apply to Kendrick's sentence. See Rewald, 835 F.2d at 216. Because Kendrick was not originally sentenced under a guideline range, he has no guideline range that the Sentencing Commission subsequently lowered. See 18 U.S.C. § 3582(c)(2). Therefore, because the Act's guidelines and sentencing modification procedures do not apply to Kendrick's conduct, we lack jurisdiction. See Rewald, 835 F.2d at 216.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court entered its order denying Kendrick's motion on March 16, 1988. Kendrick filed an untimely notice of appeal on April 4, 1988. Following remand from this court, the district court found that the delay in filing was due to excusable neglect and extended the period for filing this appeal 30 days. See Fed.R.App.P. 4(b). Thus, Kendrick's appeal is timely