**UNITED STATES of America**

v.

**Terrance R. KIRKMAN, Defendant.**

**Cr. No. 90–022–S–HLR.**

United States District Court,
D. Idaho.

Jan. 16, 1991.

Maurice O. Ellsworth, U.S. Atty., Kim Lindquist, Asst. U.S. Atty., D. Idaho, Boise, Idaho, for U.S.

Paul L. Westberg, Westberg, McCabe & Collins, Chartered, Boise, Idaho, for Terrance R. Kirkman.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DENY APPLICATION OF SENTENCING GUIDELINES**

RYAN, Chief Judge.

**I. FACTS & PROCEDURE**

On April 13, 1990, the Grand Jury of the District of Idaho returned an Indictment against Terrance R. Kirkman naming him in five counts. Kirkman was charged in Counts One, Two, Three and Four with tax evasion in violation of 26 U.S.C. § 7201. He was also charged in Count Five with embezzlement/misapplication of funds in interstate commerce in violation of 18 U.S.C. § 660. On December 7, 1990, Terrance R. Kirkman entered a plea of guilty to Counts Four and Five of the Indictment.[1]

With respect to Count Four, paragraph 2 of the Plea Bargain Agreement provided the following:

It is the position of the United States that the sentencing on Count Four is controlled by Federal Sentencing Guidelines.... However, the Defendant is not bound to accept the position of the United States that Count Four is actually a Guideline count, and may argue the contrary.

Plea Bargain Agreement, filed Dec. 7, 1990, at 1–2.

On December 14, 1990, the defendant filed a Motion to Deny Application of Sentencing Guidelines, supported by a memorandum and followed by an addendum to the memorandum which was filed on December 27, 1990.

---

**1.** Pursuant to the plea agreement, in return, the government agreed to dismiss the remaining Counts One, Two and Three.

### A. Defendant's Position on Count Four

Essentially, Kirkman maintains that his violation of 26 U.S.C. § 7201 was complete prior to November 1, 1987. The fact that he filed a false return in December 1988 regarding the 1986 tax year should not bring Count Four under the guidelines because such filing was *not* an essential element of the charged offense.

Kirkman's position is well reasoned. Kirkman notes that Counts One through Four were tax evasion counts for the years 1983, 1984, 1985, and 1986. With the exception of including a reference to "February 2, 1988," the date on which Kirkman filed a return for 1986, Count Four is virtually identical to Counts One, Two, and Three. Counts One, Two, and Three show the offense of evasion to have been completed on or about April 15th following each respective year that tax returns were to have been filed. Thus, Kirkman maintains that the crime of evasion for 1986 was completed on April 15, 1987, when he failed to file a return. Even with an extension, he claims the latest date on which the offense could have been completed would have been October 15, 1987. Therefore, Kirkman asserts that reference to the 1988 filing is mere surplusage, because if the 1988 filing were omitted from the Indictment, Count Four of the Indictment would still state a completed offense of evasion.

Kirkman contends that the only reason the government included the February 2, 1988, filing in Count Four of the Indictment was to "boot strap itself into a guidelines case...." Memorandum in Support of Motion to Deny Application of Sentencing Guidelines, filed Dec. 14, 1990, at 5. Kirkman urges this court to find that an application of the guidelines to Count Four would violate the ex post facto clause.

Finally, in an addendum to the memorandum, Kirkman directs the court's attention to *United States v. Davis*, 718 F.Supp. 8, 10 (S.D.N.Y.1989), wherein a court declined to apply the guidelines to a conspiracy count because "the great bulk of the criminal activity took place before the effective date of the guidelines." Addendum to Memorandum in Support of Motion to Deny Application of Sentencing Guidelines, filed Dec. 27, 1990, at 1.

### B. The United States' Position on Count Four

The government's response to Kirkman's motion vehemently urges this court to find that Count Four falls within the guidelines because the crime specifically charged in Count Four was not *completed* until February 2, 1988, when Kirkman filed his 1986 return.

The government seems to concede that the bulk of the defendant's activity occurred before November 1, 1987. However, the government maintains that at least two events occurring *after* November 1, 1987, relate to the defendant's evasion in 1986.

First, Kirkman filed his 1986 return on February 2, 1988, reporting no income for 1986. And, secondly, in an effort to secure a loan from Beneficial Mortgage Corporation, in January 1988, Kirkman submitted another version of his 1986 federal return declaring over $100,000 worth of income from Boise School Bus Company.

Additionally, to support its position, the government compares the circumstances presented in this case to the conspiracy context, and asks this court to conclude that the crime in this case is a continuing offense because it continued past the effective date of the guidelines. Response by United States to Motion to Deny Application of Sentencing Guidelines, filed Dec. 27, 1990, at 4. Notably, however, the government neither cites any authority which equates the offense of conspiracy with the offense of tax evasion, nor any authority which classifies tax evasion as a continuing offense.

## II. ANALYSIS

### A. Relevant Case Law

■ The effective date of the Sentencing Reform Act is November 1, 1987. *United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987). The sentencing guidelines do not apply to conduct that occurred before

November 1, 1987.[2]  *Id.*  The sentencing guidelines do, however, apply to offenses initiated before November 1, 1987, but not completed until after November 1, 1987. *United States v. Gray*, 876 F.2d 1411, 1418 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990) (*citing United States v. Frank*, 864 F.2d 992, 1008 (3d Cir.1988)).  In this case, therefore, the sentencing guidelines are applicable if the crime of tax evasion is deemed a continuing offense, and/or the filing of the return in 1988 is deemed a necessary element to the completion of the charged offense.  *Cf. United States v. Gray*, 876 F.2d at 1418.

In *United States v. Gray,* the Ninth Circuit discussed the law applicable to continuing offenses and acknowledged the following:

> A tension exists between the doctrine of continuing offenses and the principle of repose inherent in statutes of limitation.  *Toussie v. United States*, 397 U.S. 112, 115 [90 S.Ct. 858, 860, 25 L.Ed.2d 156] (1970).  The doctrine of continuing offenses essentially extends the statute of limitations beyond its stated term. Because of this tension, the Supreme Court has established "that the doctrine of continuing offenses *should be applied in only limited circumstances."  Id.*
>
> . . . .
>
> [These considerations] require that such a result should not be reached *unless the explicit language of the substantive criminal statute compels such conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.*

*United States v. Gray*, 876 F.2d at 1418 (emphasis added).

The substantive law interpreting 26 U.S.C. § 7201 sheds no light on whether Congress intended to classify tax evasion as a continuing offense, and there is no authority which suggests that tax evasion under Section 7201 is akin to conspiracy.

In pertinent part, the applicable statute states: "Any person who willfully *attempts in any manner* to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony...."  26 U.S.C.A. § 7201 (West 1989) (emphasis added).

The elements of 26 U.S.C. § 7201 have been stated as follows: (1) willfulness; (2) existence of a tax deficiency;  and (3)· an affirmative *act* constituting evasion or attempted evasion of tax.  *See, e.g., Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965).

▪ Neither the language of this statute, nor any case law of which this court is aware, compels the conclusion that tax evasion be treated as a continuing offense, or that the filing of a tax return is a requisite element of tax evasion.  On the contrary, the statute indicates that the crime of evasion can be completed when a person willfully "attempts in *any* manner" to evade or defeat income tax.  Therefore, based on the language in the statute, the wording of the Indictment, and the circumstances at issue, it can be said with certainty that Kirkman completed the act of tax evasion long before his filing of a return in 1988; that is, when he did *any* of the following affirmative acts:  failing to make a proper income tax return for 1986 as required by law;  failing to pay the Internal Revenue Service income tax for 1986;  and/or using and manipulating corporate assets, accounting methods and business practices in an attempt to conceal his true and correct income.  *See* Indictment, filed April 13, 1990, at 3–4.

**B.** *Discussion*

▪ The offense conduct charged in Count Four of the Indictment is tax evasion which occurred in *1986* in violation of 26 U.S.C. § 7201.  Consistent with the applicable law construing that statute, the focus of that charge must be on the existence of a tax deficiency and the defen-

---

**2.** Count Five, to which Kirkman entered a plea of guilty, charges misapplication of funds in violation of 18 U.S.C. § 660, and contemplates activity which took place between April 13, 1985, and December 31, 1986.  Therefore, Count Five clearly does not fall within the guidelines.

dant's willfulness in engaging in at least one affirmative act to evade taxes or attempt to evade taxes.

The focus of the charge is *not* on the defendant's filing a 1986 tax return in *1988*.[3] The Indictment alleges several affirmative acts constituting evasion or attempted evasion of tax which occurred well before November 1, 1987—the date on which the guidelines became effective. Accordingly, in light of the Supreme Court's admonition that the doctrine of continuing offenses be applied only in *limited circumstances* and the fact that the 1988 filing was not a necessary element of the charged offense under Section 7201, it seems legally erroneous for this court to apply the guidelines merely because the government referred to the 1988 filing in the language of the Indictment. *United States v. Gray*, 876 F.2d at 1418; *Toussie v. United States*, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). Put simply, Kirkman pleaded guilty to tax evasion, which was completed before November 1, 1987; therefore, he should not be sentenced under the guidelines.

Had Kirkman been charged with filing a false/fraudulent return under 26 U.S.C. § 7206, the filing on February 2, 1988, certainly would have been a necessary element of the offense. However, the Indictment did not charge Kirkman with a fraudulent filing. Additionally, had Kirkman been charged with making a false statement in relation to a loan application, his statement to Beneficial Mortgage Corporation may have given rise to criminal liability. However, the Indictment did not charge Kirkman with making a false statement in relation to a loan application.

Based on the foregoing analysis and discussion, this court finds that, at the very least, the following questions must be asked: (1) When was the charged offense, tax evasion, completed? (2) Were the filing of the tax return in 1988 and the falsified return submitted to Beneficial Mortgage Corporation acts that *completed the offense* of evasion, or (3) did such acts *merely arise out of the completed crime* of evasion which took place in 1986? (4) If Kirkman had not filed the 1986 return in 1988 and/or submitted the falsified return to Beneficial Mortgage, would the government have been precluded from charging evasion under Section 7201—because the offense had not been completed?

The government takes the position that the circumstances presented in this case warrant the application of reasoning applied in the conspiracy context.[4] It may be

---

3. The court, through its staff, contacted the United States Sentencing Commission to determine the position the Commission would take given the issue presented in this case. The court is mindful of the Sentencing Commission's disclaimer which states:

> "Information provided by the Commission's Training Staff is offered to assist in understanding and applying the sentencing guidelines. The information does not necessarily represent the official position of the Commission, should not be considered definitive, and is not binding upon the Commission, the court, or the parties in any case."

United States Sentencing Commission.

Nevertheless, the court finds it worth noting that, when presented with the charge contained in Count Four, the Commission's staff indicated that the offense conduct seemed to be Kirkman's *evasion in 1986*, rather than his filing of the 1986 return in 1988. Therefore, the guidelines would not apply. This court agrees.

4. The government directs the court's attention to a publication of the Sentencing Commission wherein the application of the guidelines to continuing offenses is addressed. Response by United States to Motion to Deny Application of Sentencing Guidelines, filed Dec. 27, 1990, at 3–4.

The court is aware of the particular analysis offered by the government; but does not find it persuasive given the charges contained in Count Four of the Indictment.

When the following question was posed to the Commission, the following answer was given:

QUESTION: Do the guidelines apply to *conspiracies* that began prior to November 1, 1987, and continued past that date?

ANSWER: *The Sentencing Commission's legal staff agrees with the opinion of the Department of Justice and an opinion by legal counsel for the Administrative Office of the U.S. Courts that a defendant convicted of a continuing offense, such as a conspiracy, which began prior to November 1, 1987, but concluded after that date should be sentenced under the guidelines. It is the consensus of these opinions that such an application does not violate the* Ex Post Facto *clause of the Constitution. (See* Prosecutors Handbook on Sentencing Guidelines*, pg. 72.) (See also, "Look-*

true that a *conspiracy* may constitute a *continuing offense;* and that conspiracies began prior to November 1, 1987, and continued past that date fall under the guidelines. However, such an analogy begs the question: Is *tax evasion* under 26 U.S.C. § 7201 a *continuing offense?* Even if it could be considered continuing in a *general* sense, given the particular circumstances in this case, including the variety of affirmative acts charged in the Indictment, this court finds no authority suggesting that *Kirkman's particular offense* should be deemed continuing.

### C.  *Conclusion*

In summary, given the offense conduct which is the focus of Count Four in the Indictment, and given the total lack of any authority to suggest that tax evasion is a continuing offense and/or that the filing of a tax return by Kirkman was an element necessary to complete the charged offense, this court finds no grounds to apply the sentencing guidelines to Count Four.

### III.  ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the Motion to Deny Application of the Sentencing Guidelines should be, and is hereby, GRANTED; therefore, Kirkman's sentence on Counts Four and Five shall not be subject to the provisions of the United States Sentencing Guidelines.

---

ing at the Law," *Federal Probation* (December 1987) that addresses this issue.)
See *Questions Most Frequently Asked About the Sentencing Guidelines,* Vol. IV, Dec. 1, 1990, at 11.

The question pertains to conspiracies. Moreover, when contacted, the staff at the Sentencing Commission fully acknowledged that the Commission was not aware of any case law suggesting that tax evasion was a continuing offense.