935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE MALE JUVENILE DELINQUENT, Defendant-Appellant.
 No. 89-5707.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 3, 1991.
Decided June 19, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-89-78-B)
 Phillip G. Kelley, Ball, Kelley & Arrowood, P.A., Asheville, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and GODBOLD, Senior United States Circuit Judge for the Eleventh Circuit, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Defendant, a male juvenile, was adjudicated delinquent after a bench trial for arson and breaking and entering, in violation of 18 U.S.C. Secs. 13, 81, 1153 and 5031. Defendant was sentenced to two years official detention. He appeals that sentence. We affirm.
 
 
 2
 * On the night of December 29, 1987, the Cool Waters Motel, located on the Cherokee Indian Reservation within the Western District of North Carolina, was partially burned by fire, causing substantial damage to part of the complex.[1] Robert Bradley, an agent for the Bureau of Indian Affairs, investigated the fire. Upon arrival at the scene, he noticed a broken window and a rock on the inside of the sill. He also noticed blood splattered on the cash register, a bedroom light switch, a telephone directory and a countertop. A second agent, Joseph Gilson, spoke with a witness, who stated that she saw defendant earlier in the evening near her back door and watched him leave, walking toward the motel. While on the way to defendant's residence, Agent Gilson spotted him walking along the road. Stopping to talk with him, the agent observed numerous cuts on both of defendant's hands. However, since defendant's mother was not with him, the agent advised that he would be back to interview him. Shortly thereafter, Agent Gilson found defendant's mother, picked up defendant, and drove them both back to their home. During the subsequent interview, defendant admitted to breaking and entering the motel and to starting the fire.
 
 II
 
 3
 After a bench trial, defendant was adjudicated delinquent and sentenced to two years official detention. He appeals that sentence, claiming that the trial judge inappropriately sentenced him under 18 U.S.C. Sec. 5037(c)(1). Section 5037(c)(1) states:
 
 
 4
 (c) The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend--
 
 
 5
 (1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of--
 
 
 6
 (A) the date when the juvenile becomes twenty-one years old; or
 
 
 7
 (B) the maximum term of imprisonment that would be authorized ... if the juvenile had been tried and convicted as an adult[.]
 
 
 8
 We recognize that there is a split among the circuits concerning the interpretation of "maximum term of imprisonment" under Sec. 5037(c)(1)(B). The Ninth Circuit, in United States v. Marco L., 868 F.2d 1121 (9th Cir.), cert. denied, 110 S.Ct. 369 (1989), has held that "maximum term of imprisonment" means the statutory maximum, while the Eighth Circuit, in United States v. R.L.C., Juvenile Male, 915 F.2d 320 (8th Cir.1990), has held that the term means the guideline sentence that would be imposed on the defendant if he were an adult. However, we need not resolve that dispute here for, under either interpretation, the trial court correctly sentenced defendant.
 
 
 9
 Section 5037(c)(1) dictates that a court must choose as a maximum possible detention the lesser of the period of time between the juvenile's current age and twenty-first birthday or the maximum term of imprisonment received if the juvenile were tried as an adult. Under the Eighth Circuit's interpretation, defendant must receive the lesser of 47 months (the difference between his age and his twenty-first birthday) or 27-33 months (the guideline range for arson under these circumstances). Since defendant was sentenced to only 24 months, his sentence does not violate Sec. 5037(c)(1), as interpreted by the Eighth Circuit.
 
 
 10
 Under the Ninth Circuit's interpretation, defendant would receive the lesser of 47 months (again, the difference between his age and his twenty-first birthday) or twenty years (the statutory maximum for when a dwelling is burned or life is jeopardized). Defendant's sentence of 24 months is obviously less than 47 months.
 
 
 11
 We, therefore, conclude that the trial court did not err in its sentence of defendant. In view of the above, the judgment of the trial court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The manager's apartment and reception area of the Cool Waters Motel were burned. The apartment was vacant at the time of the fire because the tourist season at the Cherokee Reservation had ended. However, it had been occupied as recently as the first week in December 1987