956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Allen SIMPSON, Defendant-Appellant.
 No. 91-30226.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 9, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant David Simpson pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to 168 months of imprisonment. He appeals his sentence, arguing that the maximum penalty for bank robbery is twelve years under § 3581(b)(3). The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Simpson was sentenced as a career offender according to section 4B1.1 of the Sentencing Guidelines. The trial judge, using 18 U.S.C. § 2113(a)'s specified maximum sentence of twenty years, assigned Simpson an offense level of 32 but reduced it by two points for acceptance of responsibility. Simpson argues that the maximum sentence for bank robbery is twelve years under 18 U.S.C. § 3581(b)(3), and that the trial court consequently erred by using an incorrect offense level and by delivering a sentence greater than the statutory maximum.
 
 
 4
 Simpson cites 18 U.S.C. § 3581(b)(3) in support of his argument. This section states that the authorized term of imprisonment for a class C felony shall not be "more than twelve years." 18 U.S.C. § 3581(b)(3). Simpson argues that bank robbery is a class C felony because the maximum sentence is between 10-25 years and because section 2113(a) does not give bank robbery a letter designation. See 18 U.S.C. § 3559(a).
 
 
 5
 Simpson ignores 18 U.S.C. § 3559(b), however, which states that an offense classified by a letter designation "carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense." Id. Since 18 U.S.C. § 2113(a) designates twenty years as the maximum term for bank robbery, the plain language of section 3559(b) requires us to reject Simpson's argument.
 
 
 6
 Simpson's attempt to support his argument by pointing to the legislative history of section 3581 is unpersuasive. Although Simpson cites legislative history showing that twelve years was the maximum sentence intended for a class C felony, Simpson ignores the Senate Report that accompanied the passage of section 3581, stating that existing statutory maximums are not altered by the definition of maximum prison terms. S.Rep. No. 225, 98th Cong., 1st Sess. 51, (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3234. As the legislative history is consistent with the language of 18 U.S.C. § 3559(b), Simpson's argument must fail.
 
 
 7
 Simpson further attempts to bolster his argument by selectively citing case law. These arguments fail as Simpson simply has not followed the law of this Circuit. He attempts to distinguish United States v. Marco L., 868 F.2d 1121 (9th Cir.), cert. denied, 110 S.Ct. 369 (1989). In Marco L., we concluded that:
 
 
 8
 Although the CCCA establishes a classification system for federal offenses and sets forth the maximum imprisonment for each class of offense, 18 U.S.C.A. § 3581 (West 1985), Congress has defined the "maximum term of imprisonment" to be that term prescribed by the statute defining the offense.
 
 
 9
 Id. at 1124. Simpson designates this holding as dicta and dismisses it as it is in direct contradiction with sections 3551 and 3581, congressional intent, and established rules of statutory construction. We disagree. First, the holding is not dicta because the issue in Marco L. was whether "maximum term of imprisonment" refers to the maximum sentence authorized by statute or to the federal sentencing guidelines. Second, as shown above, Marco L. is consistent with sections 3551 and 3581, as well as congressional intent.[1]
 
 
 10
 The Ninth Circuit has recently rejected an argument similar to the one advanced by Simpson:
 
 
 11
 [W]e conclude that Congress did not intend the penalties set in section 3581(b) to apply to offenses that received letter grades for the first time in section 3559(b). Section 3581(b)'s penalties apply only to offenses that are assigned letter classifications in the statutes describing them.
 
 
 12
 United States v. Schiffbauer, No. 90-10624, slip op. at 1085 (9th Cir. February 4, 1992).
 
 
 13
 Simpson relies primarily on an Eighth Circuit case that disagrees with the reasoning in Marco L., Donley, and Gonzales. It holds that Congress intended the statutory maximum sentences prescribed in section 3581(b) to represent the greatest period a judge could impose. U.S. v. R.L.C., 915 F.2d 320, 324 (8th Cir.1990), cert. granted, 111 S.Ct. 2850 (1991). However, U.S. v. R.L.C. represents the law in the Eighth Circuit. This Circuit will follow its own precedent in United States v. Marco L. and United States v. Schiffbauer.
 
 
 14
 Simpson finally argues that irrespective of the statutory maximum and the applicability of 18 U.S.C. § 3559(b), a defendant sentenced as a career offender under 28 U.S.C. § 994(h) must be sentenced in accordance with 18 U.S.C. § 3581(b). But, according to the background notes in section 4B1.1:
 
 
 15
 28 U.S.C. § 994 mandates that the Commission assure that certain "career" offenders, as defined in the statute, receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this mandate. The legislative history of this provision suggests that the phrase "maximum term authorized" should be construed as the maximum term authorized by statute.
 
 
 16
 United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov.1991) (citing S.Rep. 98-225, 98th Cong., 1st Sess. 175 (1983), 128 Cong.Rec. 26, 511-12 (1982) (text of "Career Criminals" amendment by Senator Kennedy), 26, 515 (brief summary of amendment), 26, 517-18 (statement of Senator Kennedy)). Contrary to Simpson's argument, section 994 mandates that a career offender receive a sentence at or near the maximum term authorized by statute. As the maximum term authorized by section 2113(a) is twenty years, Simpson received the correct offense level designation of thirty and, consequently, received a proper sentence of 168 months.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Simpson unsuccessfully attempts to dismiss two Second and Third Circuit cases: United States v. Gonzales, 922 F.2d 1044, (2nd Cir.1991) and United States v. Donley, 878 F.2d 735 (3d Cir.1989), cert. denied, 110 S.Ct. 1528 (1990). Though Simpson distinguishes these cases as inconsistent with legislative history, he cites legislative history selectively as above