959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
X--(JUVENILE), Defendant-Appellant.
 No. 91-50590.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 31, 1992.*
Decided March 31, 1992.
 
 Before PREGERSON, D.W. NELSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan F. appeals his conviction and sentence under 8 U.S.C. § 1324. We have jurisdiction under 28 U.S.C. § 1291. We affirm his conviction. We vacate his sentence and remand for resentencing.
 
 
 3
 Juan F. was observed by a border patrol agent driving back and forth on a road notorious for the trafficking of illegal aliens. Two other agents, who had been notified to look out for the car Juan F. was driving, observed him signalling to turn onto a freeway. The agents also observed another passenger in the car with Juan F. Because he was unable to turn onto the freeway, Juan F. proceeded down the road past where the agents observing him were parked. When the agents turned to follow Juan F., he made an illegal U-turn and accelerated away from the agents. After Juan F. drove through a stop sign, the agents turned on their overhead lights and siren. Instead of stopping, Juan F. continued to accelerate in an attempt to evade the agents. He turned off the road, drove up an embankment, abandoned his car, and attempted to flee on foot. The agents arrested Juan F. and discovered twelve illegal aliens in the car, one in the front seat and the others hidden in the back seat and in the trunk.
 
 
 4
 After Juan F. pled guilty, the district court sentenced him to nine months in custody.
 
 I. Reasonable Suspicion
 
 5
 Juan F. contends that the officers did not have reasonable suspicion to stop his car.
 
 
 6
 Whether police officers had reasonable suspicion to justify a stop is a mixed question of law and fact which is reviewed de novo. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). "An officer may make an investigatory stop if he is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person is engaged in criminal activity." Id. In determining reasonable suspicion, we consider "the totality of the circumstances--the whole picture." United States v. Sokolow, 490 U.S. 1 (1988) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)).
 
 
 7
 Here, the officers had reasonable suspicion to stop Juan F. The combination of the sighting of Juan F. in an area notorious for alien smuggling, the presence of an additional passenger, the illegal U-turn, and the evasive driving created reasonable suspicion. Accordingly, we affirm Juan F.'s conviction.
 
 II. Sentencing
 
 8
 Juan F. also contends that his sentence is unlawful because it exceeds the maximum permissible sentence under the Sentencing Guidelines.
 
 
 9
 In sentencing Juan F. to nine months in custody the district court ruled that the substantive statute, not the Sentencing Guidelines, established the maximum period of imprisonment. This ruling was consistent with United States v. Marco L., 868 F.2d 1121, cert. denied, 493 U.S. 956 (9th Cir.1989), where we held that 18 U.S.C. § 5037(c)(1)(B) prohibits a juvenile's sentence from exceeding the maximum sentence authorized by statute for a similarly situated adult, not the sentence authorized by an application of the Guidelines. Id. at 1123. But in United State v. R.L.C., 915 F.2d 320 (1990), the Eighth Circuit held that the Guidelines, not a statute, established the maximum sentence.
 
 
 10
 The Supreme Court granted certiorari in R.L.C. to resolve the conflict between the Eighth and Ninth Circuits. The Court held that 18 U.S.C. § 5037(c)(1)(B) prohibits a juvenile's sentence from exceeding the maximum sentence authorized by the Guidelines for a similarly situated adult, overruling Marco L.. United States v. R.L.C., 60 U.S.L.W. 4234, 4238 (U.S. March 24, 1992).
 
 
 11
 Because the district court did not have the benefit of R.L.C. when it sentenced Juan F., we vacate his sentence and remand for resentencing.
 
 
 12
 The mandate shall issue forthwith.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3