972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Allen JOHNSON, Defendant-Appellant.
 No. 91-30233.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
 Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Allen Johnson appeals pro se the district court's denial of his motion for review of sentence pursuant to 18 U.S.C. § 3582(c)(2). On August 14, 1986, Johnson was convicted of possessing cocaine and marijuana with intent to distribute (counts I and II) and of being a felon in possession of a firearm (count III). On October 10, 1986, Johnson was sentenced to 22 years imprisonment and six years supervised release. Johnson contends that his sentence, as to count III, is an illegal sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's ruling on a motion to correct or set aside a sentence. United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987). We also review de novo the district court's interpretation of a statute. United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991).
 
 
 4
 18 U.S.C. § 3582 is part of the Sentencing Reform Act of 1984 ("the Act") which became effective on November 1, 1987. See 18 U.S.C. § 3582; Pub.L. No. 98-473, 98 Stat. 2031 (1984). Section 3582(c)(2) provides for sentence modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. § 3582(c)(2). The Act does not apply to defendants sentenced prior to its effective date, and the Act does not apply to conduct committed prior to its effective date. United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987).
 
 
 5
 Here, the district court convicted Johnson August 14, 1986 and sentenced him on October 10, 1986. The district court properly found that the Act, specifically 3582(c)(2), did not apply to Johnson's conviction or sentence. See 18 U.S.C. § 3582(c)(2); Rewald, 835 F.2d at 216. The district court correctly denied Johnson's motion for review of his sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3