UNITED STATES of America,
Plaintiff–Appellee,

v.

Russell Grozier BISHOP,
Defendant–Appellant.

No. 92–10413.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1993.

Decided Aug. 3, 1993.

John G. Bogart, Tucson, AZ, for defendant-appellant.

Claire K. Lefkowitz, Asst. U.S. Atty., Tucson, AZ, for plaintiff-appellee.

Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Russell Bishop appeals his convictions for bank robbery and for conspiracy to commit bank robbery. He also challenges his classification as a career offender for purposes of sentencing. We affirm his convictions, but vacate his sentence and remand for resentencing.

## I

Bishop argues that the district court abused its discretion in admitting evidence that he committed an earlier, unrelated bank robbery. He argues (1) that this evidence was inadmissible under Rule 404(b) because it was offered merely to prove his criminal disposition; and (2) that the district court admitted this evidence without making explicit findings concerning the balance of factors under Rule 403. Although both of these arguments would deserve scrutiny in an appropriate case, we need not reach them in this case. If the admission of this evidence was error, it was harmless error.

The case against Bishop was overwhelming. He was identified at trial by the bank teller and by a bank patron who pursued the robber out the front door. In addition, Bishop's mother and brother both identified him from a bank surveillance photograph taken during the robbery. Finally, an FBI agent testified that Bishop had confessed to committing the robbery. Defense counsel was unable to shake any of this testimony on cross-examination. We are confident that the verdict would have been the same in the absence of the prior bank robbery evidence.

## II

Bishop next argues that the district court erred in denying his motion for a judgment of acquittal on the conspiracy count. He contends that the prosecution failed to produce sufficient evidence that he entered into a conspiracy to rob the bank. We reject this argument.

To prove a conspiracy, the government must prove that defendant entered into "an agreement to accomplish an illegal objective." *United States v. Rubio–Villareal,* 927 F.2d 1495, 1499 (9th Cir.1991). The government does not have to prove the existence of a formal agreement. *United States v. Caplan,* 633 F.2d 534, 542 (9th Cir.1980). Rather, it can prove the existence of a conspiracy through circumstantial evidence that defendants acted together in pursuit of a common illegal goal. *United States v. Penagos,* 823 F.2d 346, 348 (9th Cir.1987).

Here, in addition to evidence that Bishop robbed the bank, there was evidence: (1) that Bishop ran out of the bank and got into the passenger side of a small brownish foreign car after the driver of the car kicked open the door for him; (2) that the getaway car belonged to the wife of Bishop's co-defendant, Steven Boyes; (3) that Steven Boyes pled guilty to the conspiracy in the same indictment for which defendant was on trial; (4) that Bishop's mother had met a friend of the defendant's named Steve two or three days prior to the day of the bank robbery; and (5) that Bishop's mother gave an accurate physical description of Steve and testified that she had seen Steve standing near a small dark-colored car.

This was enough to permit the jury to infer that Steven Boyes was the driver of the small, dark getaway car, and that Bishop and Boyes had at least an informal agreement to cooperate in committing the robbery.

## III

Bishop argues that he was improperly classified as a career offender because the district court should have counted his three prior residential burglary convictions as one offense, rather than three. We agree.[1]

Under U.S.S.G. § 4A1.2(a)(2), "[p]rior sentences imposed in *related cases* are to be treated as one sentence for purposes of" the criminal history calculation. U.S.S.G. § 4A1.2(a)(2) (emphasis added). At the time of Bishop's present offense, the commentary

---

1. A district court's interpretations of the Guidelines are reviewed de novo. *United States v.*

*Marco,* 868 F.2d 1121, 1123 (9th Cir.1989).

to § 4A1.2(a)(2) stated that "[c]ases are considered related if they ... were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, Application Note 3 (1990). Bishop's three prior residential burglary convictions were consolidated at sentencing. Under this definition, therefore, his convictions should have been counted as a single offense.

The government argues, however, that Bishop's prior convictions are not "related cases" for purposes of § 4A1.2(a)(2), and must be counted separately, because the convictions were for offenses separated by an intervening arrest. This argument is based on an amendment to the Guidelines commentary that took effect after Bishop committed the current offense. In late 1991, the commentary to § 4A1.2(a)(2) was amended to say that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2, Application Note 3 (1991). The government contends that this 1991 amendment was not a substantive change, but a clarifying amendment that should be given substantial weight in construing the 1990 version of § 4A1.2(a)(2). We disagree.

Because the 1991 amendment does not plainly serve to clarify pre-existing law, rather than to alter it, the amendment carries no weight in construing the 1990 version of § 4A1.2(a)(2). *See United States v. Martinez*, 946 F.2d 100, 102 (9th Cir.1991) ("[W]here the circumstances surrounding the relevant guideline and its amendment fail to make clear that the amendment's purpose was merely to clarify rather than to alter pre-existing law, we will confer no weight on the subsequent amendment.").

Bishop's three prior convictions should have been counted as a single offense under the 1990 edition of the Guidelines, thus making him ineligible for career offender status.[2]

The convictions are AFFIRMED, the sentence is VACATED, and the case is REMANDED for resentencing.

2. Finally, the government argues that even if Bishop was improperly classified as a career offender, his sentence is nevertheless justified as an upward departure from his proper Guideline sentence. We reject this argument. The deci-

GOODWIN, Circuit Judge, concurring:

The reversal of this sentence in this case illustrates the folly of the Sentencing Guideline scheme. Any layman would recognize instantly that this defendant is a career criminal. He was convicted of discrete crimes, and he picks up a windfall because two separate crimes were combined for processing in the state courts. I concur only because the result is compelled by *Martinez*.

sion whether to depart upward from a Guideline sentence is committed to the discretion of the district court. It is not our role to exercise that discretion in the first instance.