21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Alonzo McNEIL, Defendant-Appellant.
 No. 93-50133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1994.
Decided April 1, 1994.
 
 1
 Before: WIGGINS, T.G. NELSON, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Donald McNeil (McNeil) appeals his jury conviction and sentence on two counts of bank robbery. He argues that the district court erred in (1) denying his motion to suppress evidence; (2) admitting hearsay evidence as proof of the banks' FDIC status; and (3) sentencing him pursuant to the career offender provision. We affirm his conviction, but vacate the sentence and remand for resentencing.
 
 A. Motion to Suppress
 
 4
 "A warrantless arrest is valid if it is supported by probable cause." United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990). Probable cause exists when reasonably trustworthy facts and circumstances within an arresting officer's knowledge would lead a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime. Id. Further, the arresting officer need not have personal knowledge of the facts sufficient to constitute probable cause. "Probable cause may be based on the collective knowledge of all of the officers involved in the investigation and all of the reasonable inferences that may be drawn therefrom." Id.
 
 
 5
 The district court properly found that the officers had probable cause to arrest McNeil based upon the following facts: (1) reliable identification of the license plate numbers and descriptions of the two vehicles used in robberies with similar methods of operation, including similar demand notes; (2) McNeil's connection to those vehicles at the time the robberies occurred through the statements of the registered owners, Anthony Peters and Michael Lewis; and (3) a sketchy description of the getaway driver from witnesses, as well as a description of McNeil which Lewis had provided. Cf. United States v. Gaines, 563 F.2d 1352, 1358 (9th Cir.1977) (probable cause where officer armed with information as to make, model, and license plate number of car used in two robberies, a description of the suspects, and defendant's statement that he had use of the car at time robbery occurred). Peters told the officers that "Donnie" had used Peters's red Sentra during the week of the August 6 robbery. Lewis identified McNeil and told the officers that McNeil had used Lewis's car on August 20 while Lewis was at work. Moreover, Lewis's employer provided corroboration when he told the officers that Lewis was indeed working that day. The similarity of the robberies, coupled with McNeil's connection to those robberies, constituted sufficient probable cause to make the arrest.
 
 
 6
 In a somewhat factually similar case, we held that officers had probable cause to make an arrest for robbery. See United States v. Abel, 707 F.2d 1013, 1015 (9th Cir.1983), rev'd on other grounds, 469 U.S. 45 (1984). In Abel, a witness to a robbery gave the license plate number of the getaway car to the authorities who discovered from the registered owner that she had loaned the car to the defendant on the morning of the robbery. A search of the defendant's home, one he shared with the car's owner, produced a bank bag with $150 in coins. We held that this evidence was sufficient to constitute probable cause, justifying both the arrest and subsequent search incident to the arrest, during which the officers had discovered bait bills from the robbery. See id. at 1014-15.
 
 
 7
 Given the totality of circumstances in this case, as well as the reasonable inferences drawn therefrom, we conclude that the officers had probable cause to arrest McNeil. See Hoyos, 892 F.2d at 1392-93. Because the officers made a valid arrest, the search incident to that arrest, during which the officers found bait bills in McNeil's pocket, was also valid. See Abel, 707 F.2d at 1015. Nor were McNeil's subsequent statements entitled to suppression as fruits of an illegal arrest.
 
 B. Proof of FDIC Status
 
 8
 The district court did not err in overruling McNeil's hearsay objection to the admission of the FDIC certificates. In United States v. Bellucci, 995 F.2d 157 (9th Cir.1993), we held that a certificate of insurance to prove a bank's FDIC status is not hearsay. Id. at 161. Similarly, there was no violation of McNeil's right to confrontation. See id. ("Because the certificate of insurance is not hearsay, no special showing is required under the Confrontation Clause before it may be admitted in place of testimony by a representative from the FDIC.").
 
 
 9
 McNeil also objects to the admission of the declarations which were included in the packet with the certificates of insurance. However, we conclude that even assuming the district court erred in admitting the declarations, the error was harmless. See United States v. Harrison-Philpot, 978 F.2d 1520, 1527 (9th Cir.1992) ("an erroneous admission of evidence is harmless if it is more probable than not that its admission did not affect the jury's verdict"), cert. denied, 113 S.Ct. 2392 (1993). The certificates of insurance were sufficient proof of the FDIC status of each bank. See Bellucci, 995 F.2d at 160 (there is no question but that an FDIC certificate of insurance is sufficient proof of bank's federally insured status). Consequently, the declarations were merely cumulative evidence of the FDIC status of each bank and even if those declarations were erroneously admitted, it is more probable than not that their admission did not affect the jury's verdict.
 
 
 10
 Finally, McNeil briefly argues that the packets were not properly authenticated and were not the best evidence. Because he failed to object to the evidence on these specific grounds at trial, we review for plain error. See United States v. Childs, 5 F.3d 1328, 1334 (9th Cir.1993) (plain error review appropriate when defendant fails to state specific grounds for his objection to admission of evidence), cert. denied, slip op. (U.S.1994). Neither objection constitutes plain error.
 
 
 11
 The certificates of insurance were self-authenticating pursuant to Fed.R.Evid. 902(1) which provides that extrinsic evidence of authenticity is not required with respect to "[a] document bearing a seal purporting to be that of the United States ... or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution." The certificates satisfy these requirements. They had FDIC seals and the appropriate signatures. In addition, the certificates were not admitted contrary to the best evidence rule because Fed.R.Evid. 1005 permits the admission of copies of public records.
 
 C. Career Offender
 
 12
 Finally, McNeil contends that the district court erred in sentencing him as a career offender in violation of the Ex Post Facto Clause. We agree. Absent an ex post facto problem created by amendments to the Sentencing Guidelines, the district court is to apply the version of the Guidelines in effect at sentencing. United States v. Henderson, 993 F.2d 187, 190 (9th Cir.1993). When there is an ex post facto problem, the district court must apply the Guidelines in effect on the date the offense occurred. Id.
 
 
 13
 In this case, the offenses occurred in August, 1991, when the 1990 version of the Guidelines was in effect. McNeil was sentenced in February, 1993, after the Sentencing Commission amended the Guideline provision and accompanying commentary at issue here, Sec. 4A1.2(a)(2). In 1990, Sec. 4A1.2 provided that prior sentences imposed in unrelated cases were to be counted separately, while prior sentences imposed in related cases were to be treated as one sentence for purposes of criminal history. U.S.S.G. Sec. 4A1.2(a)(2) (Nov. 1990). The 1990 version also states that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a common scheme or plan, or (3) were consolidated for trial or sentencing. Sec. 4A1.2, comment. (n. 3) (Nov.1990). That provision was amended in 1991 and now provides that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Sec. 4A1.2, comment. (n. 3) (Nov.1991).
 
 
 14
 McNeil's two prior state convictions were consolidated at sentencing for which he received identical concurrent sentences. The district court applied the amended version of the Guidelines. Because McNeil's two prior convictions were separated by an intervening arrest, the district court determined that they were unrelated and applied the career offender provision.
 
 
 15
 Our decision in United States v. Bishop, 1 F.3d 910 (9th Cir.1993), requires that McNeil be resentenced. In Bishop, we held that the district court erred when it applied the amended version of Sec. 4A1.2(a)(2) in determining whether cases were related. Id. at 912. Bishop reasoned that because the defendant's three prior convictions were consolidated at sentencing, they should have been counted as a single offense under the 1990 definition of "related" cases which was in effect at the time the defendant committed the offense for which he was being sentenced. Id. Therefore, we held that the career offender provision was improperly applied. Id.
 
 
 16
 During oral argument, the Government conceded that our decision in Bishop is controlling. The district court should have applied the 1990 version of the Guidelines when determining whether McNeil's prior state convictions were "related" for purposes of applying the career offender provision. Accordingly, we vacate McNeil's sentence and remand for resentencing in accordance with Bishop.
 
 
 17
 Conviction AFFIRMED; sentence VACATED and REMANDED for resentencing.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior U.S. District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3