26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar BRYANT III, Defendant-Appellant.
 No. 92-50622.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1994.*
Decided June 14, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Following a jury trial, Oscar Bryant III was convicted of conspiracy, 18 U.S.C. Sec. 371; armed bank robbery, 18 U.S.C. Sec. 2113(a) & (d); and using a firearm during a crime of violence, 18 U.S.C. Sec. 924(c)(1). He was sentenced to 117 months. In his opening brief, Bryant raises three issues: 1) should the district court have reduced his criminal history category; 2) did the district court err in admitting evidence of fear and trauma of the victims; and 3) did the district court err in dismissing an African-American juror for tardiness.
 
 I.
 
 4
 On April 27, 1992, three black men (one of whom wielded a gun) robbed a Bank of America branch in Beaumont, California and stole a total of $20,419 in cash. Four black men were arrested shortly thereafter in a neighboring apartment. The proceeds of the robbery were found in a common attic adjacent to the apartment. Urie McKinney confessed and told police the location of the gun he used in the robbery. Bryant was unarmed. Bryant subsequently received a longer sentence than McKinney based on his higher criminal history category.
 
 A.
 
 5
 On appeal, Bryant urges that his minor juvenile offenses caused the criminal history category to be grossly and unfairly overstated. According to the government, Bryant's criminal history category is understated if anything. He has a history of continually escalating egregious conduct. Bryant is currently charged with assault and drug trafficking occurring while this case was pending. The district court considered Bryant's receiving a longer sentence than McKinney based on his higher criminal history category and stated:
 
 
 6
 I am satisfied that it is not appropriate to depart. I think that Mr. Bryant has in fact shown all of the justification for the criminal history that he has achieved, and while I wanted to afford him every opportunity by considering it further, I think that the criminal history is probably accurate. It is accurate as we have it now, and I will proceed to sentence him in accordance with the guidelines, as I have found them to be applicable in the tentative ruling.
 
 
 7
 R.T. 10/5/92: 41.
 
 
 8
 We lack jurisdiction to review a sentencing judge's refusal to depart downward from the Sentencing Guidelines unless the judge failed to exercise discretion. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). Here, the sentencing judge considered Bryant's request for a downward departure based on a contention that the criminal history score overrepresented Bryant's actual criminal history and refused to depart. We therefore have no jurisdiction to review the trial court's decision.
 
 B.
 
 9
 Bryant argues that the evidence of the feelings of the victims, their fear, their crying, was not relevant and was highly prejudicial. The court did not undertake to balance this evidence under Fed.R.Evid. 403.
 
 
 10
 Certainly the admission of the testimony of the victims' fears causes concern. The government argues the testimony established an element of the crime: taking by force and violence or by intimidation. In that sense it is relevant. However here the testimony of the conduct of the robbers was all that was needed, for example, one jumped on the teller's counter, pulled down his ski mask and brandished a gun. Yet even with a conclusion that admission of this testimony was error, we find any error to be harmless. See United States v. Bishop, 1 F.3d 910, 911 (9th Cir.1993). Three eyewitnesses identified Bryant in the lineup; his fingerprints were on the holdup note; and he was found in the apartment adjoining the attic where the money was stashed. In light of the overwhelming evidence of the defendant's guilt, the evidence relating to the fears of the victims was harmless.
 
 C.
 
 11
 Bryant also argues that the district erred in dismissing an African-American juror who did not arrive on time for trial. When called the juror stated that she was not coming in because of car trouble. Although only three hours of court were scheduled that day, the judge was unwilling to postpone the trial and dismissed the juror instead. Counsel urges that Bryant's right to have the trial completed before the same jury was violated.
 
 
 12
 "A district court may excuse a juror and substitute an alternate juror prior to the commencement of jury deliberations." United States v. Mullins, 992 F.2d 1472, 1478 (9th Cir.), cert. denied, 114 S.Ct. 559 (1993); Fed.R.Crim.P. 24(c). We review such decisions for abuse of discretion. United States v. Echavarria-Olarte, 904 F.2d 1391, 1395 (9th Cir.1990). If the substitution takes place prior to jury deliberations, it "is within the prerogative of the trial court and does not require the consent of any party." 2 Charles A. Wright, Federal Practice & Procedure, Sec. 388 at 386 (1982).
 
 
 13
 Here the juror substitution was within the court's discretion. The absent juror was called at 9:20 a.m. and said she would not be there that day. The court placed the matter in the record and substituted an alternate juror. R.T. 7/10/92: 656. This did not constitute an abuse of discretion.
 
 
 14
 Bryant's counsel raises additional issues in the reply brief. Legal issues raised for the first time in reply briefs are waived and we do not consider these issues. United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 112 S.Ct. 2310 (1992).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3