39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gibson DIA, Jr., Defendant-Appellant.
 No. 93-10592.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 27, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gibson Dia, Jr., appeals his conviction and sentence for aggravated sexual abuse. 18 U.S.C. Secs. 1153, 2241(a)(1). He argues that the district court abused its discretion in admitting (1) evidence that Dia raped another teenager in 1976 and (2) testimony that the victim made certain statements shortly after the rape. He also argues (3) that the government failed to prove that the instant offense occurred on an Indian Reservation and (4) that the district court erred in sentencing him as a career offender under the United States Sentencing Guidelines. We affirm Dia's conviction but remand for resentencing.
 
 I. PRIOR BAD ACT EVIDENCE
 
 3
 Dia first argues that the district court abused its discretion in admitting testimony that Dia raped a fourteen-year-old girl in 1976. The district court admitted this testimony, as well as testimony that Dia raped a sixteen-year-old girl in 1986, but excluded evidence that Dia raped his ex-wife in 1985.
 
 
 4
 On appeal, Dia concedes that the testimony regarding the 1986 rape was properly admitted, but argues that the district court abused its discretion in admitting evidence about the 1976 incident because (1) the government did not provide sufficient evidence that Dia in fact committed the 1976 rape; and (2) the 1976 rape was too remote in time and too dissimilar to the instant offense to justify admissibility. See United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990) (listing requirements for admitting uncharged conduct).
 
 
 5
 We review for abuse of discretion a district court's decision to admit prior bad act evidence under Fed.R.Evid. 404(b). United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir.1991). However, a nonconstitutional evidentiary error does not require reversal unless the error "more likely than not" affected the verdict. Id.; see also United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 
 6
 Here, any error was harmless. The case against Dia was overwhelming, and "we are confident that the verdict would have been the same in the absence of [the challenged bad act evidence]." United States v. Bishop, 1 F.3d 910, 911 (9th Cir.1993). The victim's highly credible testimony was corroborated by her roommate, two witnesses, a doctor, a Bureau of Indian Affairs investigator, medical and physical evidence, her employer, and some of Dia's own statements.
 
 
 7
 Moreover, Dia concedes the district court properly admitted testimony about the 1986 rape; thus, even if the court had excluded evidence about the 1976 incident, the jury would have heard evidence that Dia previously sexually assaulted a teenaged girl. Cf. United States v. Sherlock, 962 F.2d 1349, 1365 (9th Cir.1989), cert. denied, 113 S.Ct. 419 (1992) (erroneous admission of testimony that victim told her roommate that she was raped was harmless where other witnesses testified that the victim made similar statements to them). The district court gave limiting instructions about both prior rapes,[1] and Dia's counsel thoroughly exposed the weaknesses of the 1976 victim's memory and knowledge.
 
 
 8
 Because we conclude that any error in admitting the evidence of the 1976 rape was harmless, we need not determine whether the court abused its discretion in admitting the testimony. Bishop, 1 F.3d at 911.
 
 II. HEARSAY TESTIMONY
 
 9
 Dia next contends that the district court abused its discretion in admitting certain statements the victim made to her roommate. This argument is without merit.
 
 
 10
 We review for abuse of discretion a district court's ruling that out-of-court statements fall within the excited utterance exception to the hearsay rule, Fed.R.Evid. 803(2). Sherlock, 962 F.2d at 1365; see also United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Here, the victim made the statements at issue immediately after Dia released her and shortly after a violent sexual assault. At the time she made the statements, she was distraught, in pain, and crying; the statements were made during her first opportunity to speak to anyone after the assault. The district court did not abuse its discretion in admitting the statements as excited utterances. Fed.R.Evid. 803(2); see also Territory of Guam v. Ignacio, 10 F.3d 608, 614-615 (9th Cir.1994).[2]
 
 III. MOTION FOR JUDGMENT OF ACQUITTAL
 
 11
 Dia next contends that the district court erred in denying his motion for acquittal based on the government's alleged failure to prove that the sexual assault occurred on a Reservation. 18 U.S.C. Sec. 1153. There was no error.
 
 
 12
 In reviewing a ruling on a motion for acquittal, we must decide whether, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence in favor of the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Atkinson, 990 F.2d 501, 502 (9th Cir.1993); United States v. Tabacca, 924 F.2d 906, 910 (9th Cir.1991). The government's evidence on the crime's location, while not a model of clarity, meets this test.
 
 
 13
 Agent Clark testified that he was employed by the Bureau of Indian Affairs as a criminal investigator, that he was assigned to investigate all types of crimes on the San Carlos Indian Reservation, that his agency and the FBI investigate crimes which occur "on the reservation," and that he and FBI agents investigated the crime. TR 5/18/93, 81, 5/19/93, 26-27. He also said that he accompanied the victim to the crime scene, a dump yard or pit in "an open area out on the reservation." TR 5/19/93, 40.
 
 
 14
 In addition to Clark's testimony, several witnesses (including Dia himself) testified that he and the victim, along with witnesses Rose Clark and Karen Martin, spent the evening on the reservation drinking. The victim and other witnesses testified that the victim jumped out of the truck near the Tufa Stone housing project and that the defendant followed her on foot. The victim said that the crime occurred about a mile from San Carlos. This evidence clearly established that the crime occurred near the Tufa Stone housing project, which is on the Reservation, and a mile from "San Carlos," which is a town on the reservation. No evidence suggested that the crime occurred outside of the Reservation.
 
 
 15
 The evidence taken as a whole was sufficient for a rational fact-finder to conclude beyond a reasonable doubt that the crime occurred on the Reservation. The jury question about the definition of "Indian country" shows that the jury gave careful consideration to the issue of whether the rape occurred on the reservation. To draw a contrary inference, one would have to presume that both the FBI and the Bureau of Indian Affairs investigated a crime over which they had no jurisdiction, and that Agent Clark was either lying or did not know what he was testifying about. The district court correctly denied Dia's motion for acquittal.
 
 IV. SENTENCING AS A CAREER CRIMINAL
 
 16
 Lastly, Dia argues that the district court erred in sentencing him as a career criminal under the Sentencing Guidelines, Secs. 4B1.1, 4B1.2 (1992), arguing that he did not have two prior violent felony convictions within the meaning of the Guidelines. This contention is well-taken.
 
 
 17
 We review de novo a district court ruling that a prior conviction is a violent felony within the meaning of U.S.S.G. Sec. 4B.1. United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992). Dia had two prior felony convictions, a 1978 assault on a federal officer and a 1986 conviction for sexual conduct with a minor. He concedes that the 1978 crime was a crime of violence within the meaning of the Guidelines, but argues that 1986 conviction did not have as an element the "use, attempted use, or threatened use of physical force against the person" as required by the Guidelines. As he argues, the Arizona statute under which he pled guilty does not denounce conduct that is inherently violent, nor does it have violence as one of its elements. See Rev.Ariz.Stat. Sec. 13-1405(A) (1986). The conduct the statute proscribes--sexual intercourse or oral sexual conduct with a person under eighteen--does not necessarily present a "serious potential risk of physical injury to another." U.S.S.G. Sec. 4B1.2, comment n. 2.
 
 
 18
 The district court nonetheless found that Dia had committed a crime of violence in light of testimony that Dia's conduct in the 1986 case was violent and presented a serious potential risk of physical injury. This was error. Under the law of this Circuit, a sentencing courts may not look to the underlying facts or circumstance of the prior offense in determining that the prior offense is an act of violence within the meaning of the career offender provision of the Guidelines. See United States v. Lonczak, 993 F.2d 180, 181-83 (9th Cir.1993); United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992); United States v. Sherbondy, 865 F.2d 996, 1005-1009 (1988). Under Sec. 4B1.2(1), the court must look to the offense of conviction. No evidence in the record suggests that Dia's 1986 offense of conviction involved violence or that the count to which he pled guilty "set forth (i.e. expressly charged)" conduct which "by its nature presents a serious potential risk of physical injury." U.S.S.G. Sec. 4B1.2, comment (n. 2).
 
 
 19
 Thus, while the district court's belief that Dia ought to be sentenced as a career offender is understandable--given the evidence in the record that Dia committed rapes in 1976, 1985, and 1986--under the Guidelines, the district court must look only to the offense of conviction. Because, for whatever reasons, Dia was convicted only of sex with a minor, he must be sentenced on that basis unless, on remand, the government shows that he was convicted of conduct meeting the requirements of Sec. 4B1.1. Cf. Lonczak, 993 F.2d at 182 (noting that "we were not presented with the indictment").
 
 
 20
 Dia's conviction is AFFIRMED; his sentence is VACATED and the case is REMANDED for resentencing in accordance with this decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Dia contends that one of the several limiting instructions was inadequate because the trial court mistakenly began the instruction by stating "you are about to hear that the defendant committed ..." rather than "you are about to hear testimony that the defendant committed...." According to Dia, this instruction constituted a improper comment on the evidence and was a statement that Dia in fact committed the alleged misconduct. We disagree--the trial court did not state that Dia committed the prior bad acts, it stated that "you will hear that" Dia committed the prior bad acts. Given the other limiting instructions given, see TR 5/19/93 243; 5/20/93 25-26; 5/20/93 162, 165; and the overwhelming evidence against Dia, any error was harmless
 
 
 [2]
 Dia relies on Sherlock, 962 F.2d at 1365. However, in Sherlock the rape victim had been away from her attacker over an hour and spoke to several other persons before she made the statements. Id. No evidence suggested that she was still under the immediate stress of the event; rather, she had a motive to fabricate the rape charge in order to explain her late arrival at the dorm smelling of alcohol. Id. Here, however, the victim made the statements within minutes of her release, while still reacting to the stress of the experience. She had no apparent motive to fabricate