46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas H. HUTCHENS, Defendant-Appellant.
 No. 93-30432.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Nov. 10, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The conviction is affirmed.
 
 A.
 
 3
 The evidence demonstrated Hutchens committed the prior acts and that those acts were similar to the crime with which Hutchens was charged. See United States v. Ayers, 924 F.2d 1468, 1473-74 (9th Cir.1991). The only notable differences between the two schemes were the identities of the "lenders" and the locale of the solicitations. The evidence was highly relevant to demonstrate a common plan or modus operandi of obtaining advance fees for nonexistent loans, as well as to demonstrate Hutchens's knowledge of such a plan. See United States v. Boone, 951 F.2d 1526, 1540 (9th Cir.1991); United States v. Marashi, 913 F.2d 724, 734-35 (9th Cir.1990). Nor were the acts, which took place between 1986 and 1991, too remote in time to be relevant, especially in light of the overwhelming similarities between the conduct testified to and the conduct charged. See United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989); United States v. Spillone, 879 F.2d 514, 518-19 (9th Cir.1989). The probative value of the evidence to show knowledge, plan and design was not substantially outweighed by the possibility of unfair prejudice to Hutchens, especially in light of the court's limiting instruction. See Fed.R.Evid. 403; Boone, 951 F.2d at 1540.
 
 B.
 
 4
 Even assuming the evidence regarding Hutchens's guilty plea was inadmissible hearsay, its admission was harmless in light of the other evidence against Hutchens. See United States v. Bishop, 1 F.3d 910, 911 (9th Cir.1993).
 
 II.
 
 5
 The sentence is vacated.
 
 A.
 
 6
 The Victim and Witness Protection Act authorizes an award of restitution only for "losses caused by the specific conduct underlying the offense of conviction...." United States v. Baker, 25 F.3d 1452, 1456 (9th Cir.1994); see also 18 U.S.C. Sec. 3663(a)(1), (2) (West Supp.1994). Where that conduct involves a scheme or conspiracy, restitution is proper only if the losses stem from offenses that were "part of a criminal scheme that was a necessary predicate to the offenses on which conviction was had...." United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (emphasis added). Although the evidence of prior acts was properly admitted to demonstrate knowledge or modus operandi, the prior acts were not a "necessary predicate to the offenses on which" Hutchens was convicted, since Hutchens clearly could have engaged in the charged conduct without ever having perpetrated such a scheme before. See id.; Hughey v. United States, 495 U.S. 411 (1990). Restitution based on these prior acts was improper.
 
 
 7
 The record is inadequate to determine whether the awards of restitution to alleged victims Taylor, Velhartky, or Profit were proper. See Baker, 25 F.3d at 1455; United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.1989) (government bears burden of proving losses sustained by a victim). The only mention of the losses of these three individuals is found in brief statements in the presentence report which are indeterminate as to time. (See P.I.R. 7-8.) There is no basis for determining whether the losses resulted from conduct underlying Hutchens's conviction and, if so, whether the amounts awarded were proper. See Cannizzaro, 871 F.2d at 811. On remand, the district court should make appropriate evidentiary findings in conformity with the requirements of Baker, Soderling and Cannizzaro, as set forth above.
 
 
 8
 To the extent Hutchens complains that victims of the conspiracy charged in the indictment failed to "connect their loss to [Hutchens's] conduct," (Brief 10), his argument lacks merit. The district court had discretion to hold Day and Hutchens jointly and severally liable for all losses stemming from the conspiracy. See United States v. Angelica, 951 F.2d 1007, 1009-10 (9th Cir.1991).
 
 B.
 
 9
 We reject Hutchens's argument that the district court failed to consider his ability to pay the restitution awards, in violation of 18 U.S.C. Sec. 3664(a). See 18 U.S.C. Sec. 3664(a) (West Supp.1994). Although the district court has a duty, in awarding restitution, to consider "the financial resources of the defendant [and] the financial needs and earning ability of the defendant and the defendant's dependents ...," id., the court is not required to make factual findings with respect to a defendant's ability to pay. Cannizzaro, 871 F.2d at 811. Indeed, this court "does not require that the defendant be able to pay in order to justify a restitution award." United States v. Jackson, 982 F.2d 1279, 1284 (9th Cir.1992). The presentence report indicates that Hutchens is afflicted with multiple sclerosis and that he subsists and supports two minor children on government assistance, but the report also states that Hutchens may own a house the sale of which is "on hold due to Fed. legal case." (P.I.R. 22.) We cannot say, as a matter of law, that the district judge improperly failed to consider Hutchens's financial condition in setting the amount of restitution. If, at the end of his probation period, Hutchens demonstrates that he has made a good faith effort at repayment but has been unable to pay the full amount, he may petition the court for an extension of time or a remittitur. See Jackson, 982 F.2d at 1284-85.
 
 C.
 
 10
 We also reject Hutchens's complaint that his sentence was grossly disproportionate to the sentence imposed upon Coffman. "[D]isparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines." United States v. Taylor, 991 F.2d 533, 536 (9th Cir.1993) (internal quotations omitted).
 
 D.
 
 11
 It was not error to adjust Hutchens's offense level upward for obstruction of justice. See U.S.S.G. Sec. 3C1.1. Whether or not failure to provide information to the probation office in a timely manner would warrant such an adjustment, see id. note 1, Hutchens misled the probation office about compliance with its requests, (P.I.R. 13), and his "inaccurate statements caused delays in [his] sentencing date," (see P.I.R. Addendum 2). These misrepresentations were sufficient to warrant the upward adjustment. See United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.1990).
 
 
 12
 The conviction is AFFIRMED; the sentence is VACATED and the case REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3