61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon Robert LINDHOLM, Jr., Defendant-Appellant.
 No. 94-50428.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 21, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lindholm appeals his sentence imposed on resentencing. We previously affirmed Lindholm's conviction on three counts of bankruptcy fraud, but vacated his sentence and remanded for resentencing. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 4
 Lindholm was convicted on three counts of bankruptcy fraud following a bench trial. He was sentenced to 41 months imprisonment, to be followed by three years probation, and ordered to make restitution of $51,172.00.
 
 
 5
 In his first appeal, Lindholm argued, among other things, that the district court improperly calculated his criminal history score. He contended that three of his prior convictions should have been treated as one because the offenses had been consolidated for sentencing purposes by the state court. We agreed in light of United States v. Bishop, 1 F.3d 910 (9th Cir.1993). We vacated his sentence and remanded for resentencing. See United States v. Lindholm, 24 F.3d 1078, 1087-88 (9th Cir.1994).
 
 
 6
 Prior to resentencing, the Probation Officer prepared a Resentence Report. The RSR recalculated Lindholm's criminal history score. It subtracted five points for the procedural consolidation of the three prior convictions, but added two points inadvertently omitted from the Presentence Report.[1] This gave Lindholm a criminal history category of V, and a Guidelines range of 30-37 months in custody.
 
 
 7
 At resentencing, the district court adopted the findings of the RSR, but departed upward one criminal history category on the ground that category V underrepresented the extent of Lindholm's criminal history. The court noted that the three convictions consolidated for sentencing purposes by the state court were "different types of crimes with clearly different dates and different victims over a five year period." With a total offense level of 13 and a criminal history category of VI, the Guidelines range was 33-41 months. The district sentenced Lindholm to 41 months incarceration. This timely appeal followed.
 
 DISCUSSION
 A. Scope of Remand
 
 8
 Lindholm argues that our remand following his first appeal was limited; therefore, the district court exceeded its authority by recalculating his criminal history category. We reject the argument.
 
 
 9
 In our opinion on Lindholm's first appeal, we concluded that the "case should be remanded to the district court for the purpose of recalculating [his] criminal history score." We specifically noted the possibility that the recalculation of Lindholm's criminal history score would underrepresent the extent of his criminal history. We wrote:
 
 
 10
 "[U]nder the holding of Bishop, three of [Lindholm's] prior convictions should have been treated as one offense in calculating the criminal history score because the offenses were procedurally consolidated for resentencing. Such consolidation may result in a criminal history score that underrepresents the seriousness of [Lindholm's] criminal history and the danger he represents to the public. If such is the result of the consolidation, an upward departure may be warranted.
 
 
 11
 Lindholm, 24 F.3d at 1087-88 (emphasis added; citations omitted).
 
 
 12
 Even assuming Lindholm is correct that our remand was limited, the district court's upward departure on the criminal history fell within the scope of the limited remand. Had the court believed that a criminal-history upward departure was beyond the scope of the remand, we would not have noted that such a departure "may be warranted." Id.
 
 B. Propriety of Upward Departure
 
 13
 Lindholm contends that there is no factual basis for the district court's criminal-history upward departure. He further contends that the extent of the departure was unreasonable. These contentions are not supported by the record.
 
 
 14
 When fashioning a sentence, the district court may depart upward if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. Sec. 4A1.3.
 
 
 15
 We review departures from the Guidelines using a three-part analysis. Whether the district court had authority to depart is a question of law reviewed de novo. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). Factual findings supporting the departure are reviewed for clear error. Id. at 746. Lastly, we must evaluate whether the extent of the departure was reasonable under the Guidelines. Id.
 
 
 16
 There is no dispute that the district court had authority to depart. Section 4A1.2 of the Guidelines provides that where, as here, prior convictions were consolidated for sentencing, the criminal history score may underrepresent "the seriousness of defendant's criminal history and the danger he present to the public ... In such circumstances, an upward departure may be warranted."
 
 
 17
 In departing upward, the district court found that Lindholm's three consolidated state convictions were for "different types of crimes with clearly different dates and different victims over a five year period." The court concluded that a category V criminal history "certainly under represents [the] criminal history category of this defendant." No record evidence suggests that the district court's characterization of Lindholm's prior convictions was inaccurate. The factual findings supporting the district court's upward departure were not clearly erroneous. Lira-Barraza, 941 F.2d at 746.
 
 
 18
 The consolidation of the three state convictions resulted in a deduction of five criminal history points. This produced a criminal history category of V. Without the consolidation, Lindholm's criminal history category would have been VI. See Lindholm, 24 F.3d at 1082. Because U.S.S.G. Sec. 4A1.2 discusses the possibility of upward departures under these circumstances, the district court's one-level departure to category VI was reasonable. Lira-Barraza, 941 F.2d at 746.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 One point was for a probation violation that resulted in a sentence exceeding 13 months on a conviction for submitting false statements to the EPA. See U.S.S.G. Secs. 4A.1(a) and 4A1.2(k). The other point was added because Lindholm's participation in the instant offenses was less than two years after his release from federal custody. Lindholm does not contest the addition of these points