F I L E D

**UNITED STATES COURT OF APPEALS**

**MAY 5 1998**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RANDY BUTLER,

    Defendant-Appellant.

No. 97-3148
(D.C. No. 96-CR-20075)
(D. Kan.)

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Randy Butler pled guilty to conspiracy to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 45 months imprisonment. On appeal, Mr. Butler contends the district court violated the ex post facto clause by applying the 1991 amended version of U.S.S.G. § 4A1.2 application note three in computing his criminal history. We disagree and affirm.

In calculating a defendant's criminal history, the sentencing guidelines instruct that "[p]rior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). Application note three to section 4A1.2 further defines "related" and "unrelated" cases. This provision was amended, effective November 1, 1991, to state:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n.3). Before the 1991 amendment, application note three did not contain any "intervening arrest" language and prior sentences were considered related if the offenses fulfilled one of the three grounds set forth above regardless of whether there had been an intervening arrest.

Mr. Butler and several co-defendants were indicted on a charge of conspiracy to distribute marijuana from October 1, 1995 through November 8, 1996, to which Mr. Butler pled guilty. This was not Mr. Butler's first conviction for a drug-related offense. On March 25, 1990, state law enforcement officials arrested Mr. Butler for possession of over 30 kilograms of marijuana at the Kansas City International Airport. Mr. Butler was released on bond for this arrest and the very next day federal law enforcement officials arrested him for marijuana he had delivered via Federal Express.

At the sentencing hearing in the present case, the district court applied the 1991 amended version of U.S.S.G. § 4A1.2, counting Mr. Butler's prior convictions for marijuana as two separate offenses since they were separated by an intervening arrest. As a result, with at least two prior felony convictions involving controlled substances, Mr. Butler qualified as a career offender. See U.S.S.G. § 4B1.1. Mr. Butler's criminal history category was therefore set at category VI which, together with his base offense level of fifteen, placed him in a sentencing range of 41 to 51 months. The court imposed a 45-month sentence.

Mr. Butler contends the court should have applied the pre-1991 standard for related cases and treated his prior convictions as one sentence, placing him in a

lower criminal history category and drastically reducing his sentencing range.[1]

We review a district court's factual findings for clear error, but we review de novo questions of law regarding the interpretation of the sentencing guidelines. See United States v. Wilson, 41 F.3d 1403, 1404 (10th Cir. 1994).

Ordinarily a sentencing court must apply the guidelines that are in effect on the date the defendant is sentenced. See 18 U.S.C. § 3553(a)(4)(A); United States v. Gerber, 24 F.3d 93, 95 (10th Cir. 1994). However, the ex post facto clause, "bars the sentencing court from retroactively applying an amended guideline provision when that amendment disadvantages the defendant." Id. (internal quotations and citation omitted). Thus, when an amended guideline provision takes effect after the defendant commits the current offense of conviction and would increase the punishment for that offense, "we apply the guidelines section in effect at the time of the offense conduct." United States v. Smith, 930 F.2d 1450, 1452 & n.3 (10th Cir. 1991); see also United States v. Rivers, 50 F.3d 1126, 1129 (2d Cir. 1995); Gerber, 24 F.3d at 96. It is undisputed that the version of application note three in effect at the time Mr. Butler was involved in the marijuana conspiracy was the same as the one in effect at the time of his

---

[1]Mr. Butler has sought leave to amend his brief to assert that he should be placed in a criminal history category lower than category IV, which is the category he asserted entitlement to in his initial brief. Because we conclude here that Mr. Butler is not entitled to *any* reduction in his present criminal history category, further briefing is unnecessary.

sentencing. The sentencing court here clearly did not apply amended application note three to an offense committed before its enactment.

Mr. Butler nevertheless asserts that the court should have applied the pre-1991 version of the guidelines because the amended provision went into effect after he committed his *prior* convictions for marijuana in March 1990. The Eighth Circuit summarily rejected this argument as "implausible." United States v. Strange, 102 F.3d 356, 362 & n.8 (8th Cir. 1996). We agree. As we have stated, the underlying purpose of the ex post facto clause is to "restrain legislatures and courts from arbitrary and vindictive action and to prevent prosecution and punishment without fair warning." Gerber, 24 F.3d at 96 (internal quotations and citation omitted). At the time Mr. Butler committed the instant offense, he had more than adequate warning that under the 1991 amended version of the guidelines his prior sentences would be treated as two separate offenses for purposes of calculating his criminal history. "Consequently, he cannot seriously suggest that he should be the beneficiary of the pre-1991 Guidelines." Strange, 102 F.3d at 362.[2]

_____

[2] The cases on which Mr. Butler relies, United States v. Rivers, 50 F.3d 1126 (2d Cir. 1995); United States v. Lindholm, 24 F.3d 1078 (9th Cir. 1994); United States v. Bishop, 1 F.3d 910 (9th Cir. 1993), do not support his position. In all three cases, in contrast to the situation here, the 1991 amendment to application note three went into effect after the defendant committed the instant offense of conviction, and therefore the courts held the pre-1991 version of the

(continued...)

**AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2](...continued)
guidelines should have been applied.  See Rivers, 50 F.3d at 1129; Lindholm, 24 F.3d at 1082, 1087; Bishop, 1 F.3d at 912.