**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10426 |
| Plaintiff - Appellee, | D.C. No. 3:10 CR-0109- RCJ |
| v. | |
| JOSE ROJAS-GUZMAN, AKA Angel, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10427 |
| Plaintiff - Appellee, | D.C. No. 3:11 CR-0088- RCJ |
| v. | |
| JOSE ROJAS-GUZMAN, AKA Angel, Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 11, 2013[**]
San Francisco, California

Before:     TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District Judge.[***]

Jose Rojas-Guzman ("Rojas") appeals his convictions for conspiracy to possess with intent to distribute and to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine. His sole contention on appeal is that the verdict is not supported by sufficient evidence.[1] To prevail, he must show that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because Rojas has not made that showing, we affirm.

"The elements of drug conspiracy under [21 U.S.C. § 846] are: (1) an agreement to accomplish an illegal objective, and (2) the intent to commit the

---

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]     The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

[1]     Rojas has also appealed a separate conviction for illegal re-entry, which was consolidated with his appeal of the drug conviction. Because Rojas does not raise any claims of error with respect to the re-entry conviction, all such claims are waived; thus, that conviction is affirmed.

underlying offense." *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001). The government "can prove the existence of a conspiracy through circumstantial evidence that defendants acted together in pursuit of a common illegal goal." *United States v. Bishop*, 1 F.3d 910, 911 (9th Cir. 1993). Moreover, "a co-conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy." *United States v. Fonseca-Caro*, 114 F.3d 906, 907 (9th Cir. 1997) (per curiam) (citing *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)).

The government presented numerous recordings of phone calls between Rojas and two individuals, during which Rojas instructed the other men about specific customers and pricing for methamphetamine. There was also evidence that the other two men had – in accordance with the instructions from Rojas – sold methamphetamine to a confidential informant. Finally, there was evidence – in the form of telephone recordings and visual surveillance – that Rojas told the two men to pick up additional methamphetamine at his home and that the men followed through on that instruction.

This evidence was sufficient to support the conspiracy count as well as the two substantive counts based on *Pinkerton* liability. Alternatively, Rojas's verbal assistance and instructions regarding the deals were sufficient to uphold the

substantive counts based on an aiding and abetting theory. *See United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988) (holding that an aider and abettor is liable for drug distribution if "the defendant associate[d] with the criminal venture, participate[d] in it, and [sought] by actions to make it succeed").

The judgments of conviction are **AFFIRMED.**